UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN S. GRAHAM,<br><br>　　　　　　Petitioner,<br>vs.<br>UNITED STATES,<br><br>　　　　　　Respondent. | 4:25-CV-04008-CBK<br><br>MEMORANDUM OPINION AND<br>ORDER |

Petitioner, who is imprisoned in a correctional facility in Lexington, Oklahoma, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner failed to identify any information as to the nature of the conviction and sentence or other basis for his detention. His entire petition is merely a claimed statement of various legal principles, legal citations to cases and statutes, and citations to treaties.

Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto*." (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

"Jurisdiction of a petition for a writ of habeas corpus under 28 U.S.C. s 2241 . . . lies either in the district of physical confinement or in the district in which a custodian

against whom the petition is directed is present." Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979). Petitioner has not identified any facts showing jurisdiction in proper in the District of South Dakota. I have reviewed the records of the United States District Court for the District of South Dakota available at https://pacer.uscourts.gov/ and of the South Dakota Unified Judicial System available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/, the records of which I take judicial notice. There are no records showing that the petitioner was ever convicted in federal or state court in South Dakota.

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is denied and this matter is dismissed for lack of jurisdiction.

DATED this 30th day of January, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge